IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO.: CR206-26 |
| : | |
| KYLE McCORMICK, : | |
| JAMES RAY SHEARIN : | |
| WENDELL O'NEAL : | |
| IKE GROOVER : | |

### ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Defendant Kyle McCormick (McCormick") asserts the affidavit of Deputy Sheriff Marion Surrency ("Surrency") was stale and almost entirely dependent upon illegal and unsupported hearsay, rumors, and statements by witnesses whose reliability and truthfulness were not verified. McCormick contends the Magistrate Judge recognized the only "fresh information", the surveillance conducted by the Georgia National Guard Counter Surveillance Team on April 4, 2006, does not allege any criminal activities in and of itself. McCormick also contends the inclusion of this information was a "desperate attempt to cure the staleness of the information" contained in the affidavit. (Doc. No. 99, p. 1.) McCormick avers the last date of activity noted in Surrency's affidavit also "lacked reliable information" because there was no identifying information about the vehicles going onto and leaving McCormick's property. (Id.)

AO 72A
(Rev. 8/82)

McCormick asserts no person present on his property on this date was positively identified as being one of his alleged associates. Finally, McCormick alleges the National Guard reported one of the residences it was observing was located in Metter, Georgia.

As discussed by the Magistrate Judge in his Report, the totality of the circumstances test supports Superior Court Judge James Tuten's finding of probable cause to issue a search warrant based on Surrency's affidavit and application for search warrant. The relevancy of the information provided as a result of the Georgia National Guard Counter Surveillance Team's surveillance cannot be observed in a vacuum, as Surrency's affidavit details a series of alleged criminal activities. Even if this information were excluded from Surrency's affidavit, the last date provided in the affidavit was February 23, 2006, approximately one and one half months prior to the issuance of the search warrant. This brief lapse of time, as noted by the Magistrate Judge on page 8 of his Report, does not render stale the information Surrency sets forth in his affidavit.

Surrency's reference to 410 Ike Road being located in Metter, Georgia, appears to be no more than a typographical error. This reference appears on page 29 of the twenty-nine (29) page affidavit, and this is the only reference to this property being located in Metter, Georgia. However, every other reference to property located on Ike Road identified this road as being in Odum, Georgia. In fact, the undersigned has noted Surrency refers to two (2) locations on Ike Road—399 and 410. Throughout the entirety of his affidavit, Surrency stated these properties were located in Odum, Georgia, on no fewer than ten (10) occasions; two of these occasions were on page 29 itself. (Doc. No. 76, Ex. A, pp. 1, 5, 14, 17, 22, 28-29.)

McCormick's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. McCormick's Motion to Suppress (Doc. No. 73), as amended, is **DENIED**.

**SO ORDERED**, this 8th day of Feb., 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA